UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DANIEL K. MONKO,

                Petitioner,

     -against-

DANIEL SENKOWSKI, Superintendent,
Clinton Correctional Facility,

                Respondent.
------------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 97-2895

**HURLEY, Senior District Judge:**

Presently before the Court is an appeal by petitioner Daniel Monko ("petitioner" or "Monko") [DE 63] from an Order of Magistrate Judge Lindsay denying his motion to compel discovery [DE 60]. For the reasons set forth below, the Court modifies the order of Judge Lindsay and, as modified, affirms it.

## BACKGROUND

Petitioner is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting ineffective assistance of appellate counsel following his conviction in the County Court of Suffolk County, New York for two counts of rape in the first degree, one count of burglary in the second degree and one count of forgery in the second degree. He was sentenced as a persistent felony offender ("PFO") to (1) twenty-five years to life on the counts of Rape in the First Degree; (2) twenty-five years to life on the count of Burglary in the Second Degree; and (3) fifteen years to life as the count of Forgery in the Second Degree. He appealed his conviction to the Appellate Division, Second Department. The Appellate Division affirmed his conviction, *People v. Monko*, 556 N.Y.S.2d 745 (2d Dept. 1990), and the New York Court of Appeals denied leave to appeal, *People v. Monko*, 76 N.Y.2d 861 (1990). A motion to reargue his appeal was denied by

the Appellate Division in April 1992. Petitioner filed a motion to vacate his conviction in the County Court of Suffolk County, which was denied in April 1999, as was his motion to reargue the application. In October 2005 petitioner filed a motion for writ of error coram nobis with the Appellate Division Second Department arguing ineffective assistance of appellate counsel. The Appellate Division denied the application as did the Court of Appeals. *People v. Monko*, 842 N.Y.S. 2d 919 (2d Dept. 2007) and 9 N.Y.3d 1036 (2008).

The instant petition was filed on April 15, 1997. By Order dated March 18, 1998, the petition was dismissed as untimely. On April 7, 2008, petitioner's motion to reinstate was granted due to intervening authority by the Second Circuit. Thereafter, respondent filed an answer. Petitioner then filed this motion to compel.

Before addressing the particulars of the motion, it is necessary to set forth the basis for the petition as it is presently constituted. As amended, petitioner asserts his appellate counsel was ineffective because (1) counsel failed to challenge the admission of the complainant's parents' testimony under the prompt-outcry rule[1]; (2) rather than raise the nine issues included in the appeal brief, counsel should have focused on the admission of the prompt outcry testimony and the *Sandoval*[2] ruling that permitted extensive inquiry into a number of petitioner's prior

---

[1] Evidence that a victim of sexual assault promptly complained about the incident is admissible in New York to corroborate the allegation that an assault took place. *People v. McDaniel*, 81 N.Y.2d 10, 16 (1993). Historically, the doctrine evolved from the common law requirement of "hue and cry" where all victims were required to prove they immediately alerted the community that a crime occurred, *id.*; the contemporary rationale is that some jurors would doubt the veracity of a victim who failed to promptly complain of a sexual assault, since they regard such conduct as natural for an "outraged female." *People v. Rice*, 75 N.Y.2d 929, 931 (1990).

[2] A *Sandoval* hearing is a pre-trial proceeding held to determine the extent to which a prosecutor can cross-examine a defendant about his prior convictions or other bad acts in order to

criminal convictions; and (3) counsel failed to assemble the entire record for appellate review, in

particular the transcript of part II of the PFO hearing.[3]

## DISCUSSION

### I.     Standard of Review

This Court reviews a Magistrate Judge's decision regarding non-dispositive pretrial

matters under a "clearly erroneous or contrary to law" standard.  *See* 28 U.S.C. § 636(b)(1)(A);

Fed. R. Civ. P. 72(a).  Discovery matters generally are considered non-dispositive of litigation.

*See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the

evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an

order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or

rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y.

2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)).  This standard

is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits

reversal where the magistrate judge abused his discretion."  *Mitchell v. Century 21 Rustic Realty*,

---

impeach his credibility.  *People v. Sandoval*, 34 N.Y.2d 371 (1974).

[3] A persistent felony offender is a "person . . . who stands convicted of a felony after
having previously been convicted of two or more felonies."  N.Y. Penal Law §70.10(1)(a).  A
persistent felony offender may receive an indeterminate sentence corresponding to that of a class
A-1 felony, which ranges from a minimum of fifteen to twenty years, and a maximum of life in
prison.  *Id*. §§ 70.10(2); 70.00(3)(a)(I).  Section 400.20 of the New York Criminal Procedure
Law sets forth the procedure by which a judge determines whether to impose a persistent felony
offender sentence.  First, the prosecution must prove beyond a reasonable doubt that the
defendant has been previously convicted of two or more qualifying felonies.  N.Y. Crim. Pro.
Law § 400.20(1), (5).  At the second step, the court assesses whether a persistent felony sentence
is warranted "to best serve the public interest," taking into consideration the "history and
character" of the defendant and the "nature and circumstances of his criminal conduct."  *Id*.

233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

## II. Petitioner's Original Request and Respondent's Response

Petitioner's original request, pursuant to Rule 5 of the Rules Governing § 2254, sought the following: (1) the transcripts of the PFO hearing, if available, and if not available, a reconstruction hearing; (2) the moving papers on petitioner's motion to reargue his direct appeal; (3) his application for access to a copy of the trial transcripts; (4) all records relating to petitioner's Writ of Error Coram Nobis motion; (5) an order directing petitioner be provided with a hard copy of all records submitted to this Court; (6) an order granting petitioner permission to attach "material/relevant transcripts/court records" to his reply; and (7) the appointment of counsel.

In response to the Rule 5 request, respondent provided briefs and court decisions relating to petitioner's 1989 direct appeal and 2005 application for a Writ of Error Coram Nobis but otherwise opposed the motion and informed this Court that the transcript of the second phase of the PFO hearing has not been located and that it could not confirm that a proceeding occurred on February 10, 1987, the date petitioner believes the second part of the PFO hearing took place.

## III. Judge Lindsay's Ruling

Given the production of documents relating to the direct appeal and application for a Writ of Error Coram Nobis, Judge Lindsay denied that portion of the application as moot. With respect to the remaining portion of the request, Judge Lindsay denied it, finding that the documents were not relevant to petitioner's claims. [DE 60.]

## IV. Petitioner's Appeal

Preliminarily, it should be noted that, as petitioner points out and respondent concedes,

Judge Lindsay erroneously referred to the testimony of the parents of the complaining witness as have been given at the PFO hearing.

With respect to the substance of Judge Lindsay's ruling, petitioner maintains that the transcript of part 2 of the PFO hearing, i.e. that portion of the proceeding during which he testified, is indeed relevant to his habeas claims. According to petitioner, during the part 2 of the PFO hearing, he "made a significant showing as to why 'extended incarceration and lifetime supervision' would not best serve the public interest . . . . and . . . made such a strong showing at the hearing as to create a genuine appeal issue regarding the sentence imposed." [DE 63 at 14.] Yet, without the benefit of this transcript, "appellate counsel raised a superficial perfunctory or otherwise pro forma issue" of an abuse of discretion in sentencing. [*Id.* at 16.]

Petitioner further maintains that the exhibits to the motion for a Writ of Error Coram are relevant because the court must determine whether the state court decision on that motion was contrary to or involved an unreasonably application of clearly established federal law.

As relief, petitioner requests an order vacating Judge Lindsay's Order and "(A) Directing that a reconstruction hearing be conducted to reconstruct the PFO hearing that was held in this matter, (B) Assign counsel for the purpose of a reconstruction hearing,(C) Direct the respondent to file with the Court a copy of the exhibits that were filed along with the petitioner's error coram nobis motion, or, in the alternative, (D) Allow the petitioner to file with the District Court a copy of the exhibits that were filed along with the error coram nobis motion, (E) Direct a continuance on the stay in the briefing schedule pending the resolution of this application, (F) In the event of a denial of this application, grant petitioner a certificate of appealability to the Second Circuit Court of Appeals, (G) for such other and further relief as the Court may deem just, proper and

equitable." [DE 63 at 24-25.]

**V.    Judge Lindsay's Ruling is Affirmed**

Turning first the request for a reconstruction hearing, the request is denied.  Petitioner

admits that "[t]he only person who testified at the PFO Hearing was the petitioner" [DE 63 at 14]

and that his testimony concerned "his academic, vocational and higher-education background, as

well as his employment history and about his then current job as a methods engineer," and "his

personal and criminal history, as well as his efforts towards rehabilitation, both in prison and

society. [DE 47 at 8.]  Given that petitioner was the only person who testified and the nature of

that testimony, even in the absence of a transcript petitioner should well be able to specify in his

reply papers in support of his habeas petition the particulars of the "significant showing"[DE 63

at 14]  he made at the hearing as to why a persistent felony offender sentence should not be

imposed. [4]

Neither will the Court direct respondent to file the exhibits submitted by petitioner on his

motion for a Writ of Error Coram Nobis as petitioner has failed to describe the nature as those

exhibits, thereby precluding any reasoned analysis by the Court as to their import on this petition.

That having been said, in view of respondent's inclusion of its exhibits in opposition to the Writ

of Error Coram Nobis, petitioner is free to file with his reply in further support of his habeas

petition the exhibits he filed on that motion.

To the extent petitioner seeks a certificate of appealability from this order, that request,

together with the other relief sought, is denied.

_____

[4]  The Court also notes parenthetically that Rule 5 (c) authorizes a respondent to submit a narrative summary of the evidence when a transcript cannot be obtained.

**CONCLUSION**

Judge Lindsay's Order denying petitioner's Rule 5 request is affirmed with the

modification that petitioner may submit with his reply papers the exhibits he submitted with his

Writ of Error Coram Nobis motion.   Petitioner shall serve and file his reply papers on or before

November 2, 2015.

Dated: Central Islip, New York
      August 27, 2015                      /s/  Denis R. Hurley
                                           Denis R. Hurley
                                           District Judge